O

# United States District Court
# Central District of California

DWAIN LAMMEY,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington Corporation; and Does 1-10,

    Defendants,

Case № 2:18-cv-10017-ODW (GJSx)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [39] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [41]**

## I. INTRODUCTION

Plaintiff Dwain Lammey alleges the sales counter at Defendant Starbucks Corporation's coffee shop violates the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). (Compl. ¶¶ 21–31, ECF No. 1.) Both parties move for summary judgment. (Starbucks Mot., ECF No. 39; Lammey Mot., ECF No. 41.) The Motions are fully briefed. (*See* Opp'n Lammey Mot., ECF No. 46; Opp'n Starbucks Mot., ECF No. 48; Reply Starbucks Mot., ECF No. 50; Reply Lammey Mot., ECF No. 51.) For the following reasons, Starbucks's Motion is **GRANTED**, and Lammey's Motion is **DENIED**.[1]

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Lammey uses a wheelchair for mobility. (Pl.'s Statement of Uncontroverted Facts ("PSUF") ¶ 1, ECF No. 41-2.) On October 24, 2018, Lammey visited Starbucks's coffee shop located at 1850 West Slauson Avenue in Los Angeles, California (the "Shop"), to "shop and to assess it for compliance with access laws." (PSUF ¶ 5; Def.'s Statement of Uncontroverted Facts ("DSUF") ¶ 1, ECF No. 39-2.) It is undisputed that the Shop provides one continuous transaction counter for use by all customers (the "Counter"), and the approach to the Counter is a parallel approach. (Pl.'s Resp. to DSUF ¶¶ 3, 6, ECF No. 48-1.) It is also undisputed that the Counter is less than 36 inches in height *and* less than 36 inches in length. (Pl.'s Resp. to DSUF ¶¶ 3–4.) After assessing the premises, Lammey initiated this action against Starbucks, alleging that the Counter violates the ADA and the UCRA. (Compl. ¶¶ 21–31.)

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986), and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The court may not weigh conflicting evidence or make credibility determinations, but there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see Celotex*, 477 U.S. at 322–23. Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to the case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence . . . ." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

Lammey asserts two claims against Starbucks, for violations of the ADA and the UCRA. (Compl. ¶¶ 21–31.) The Court addresses these claims in turn.

**A.  ADA Claim**

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a) ). To prevail on a claim for discrimination under Title III of the ADA, a plaintiff must show

that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation"; and (3) the defendant denied public accommodation to the plaintiff because of her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "The third element . . . is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal 2011); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc).

Lammey argues that the Counter violates the ADA because it is so "cluttered" that it violates 28 C.F.R. § 36.211(a). That regulation requires places of public accommodation to "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities . . . ." 28 C.F.R. § 36.211(a). Specifically, Lammey cites section 904.4.1 of the 2010 ADA Standards for Accessible Design ("2010 Standards") to argue that "where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is . . . 36 inches in width that extends the same depth as the rest of the sales or service counter top." (Lammey Mot. 7–8, 12 (citing 36 C.F.R. Pt. 1191, App'x D § 904.4.1).)[2] Starbucks, on the other hand, argues that it is not required "to maintain a 36[-inch] length of clear accessible counter," or even any counter at all, and therefore, its countertop merchandise and displays do not violate the ADA. (Starbucks Mot. 11–13.) Starbucks is correct.

"Section 904.4.1 of the 2010 Standards expressly contemplates counters that are built to be less than 36 inches long." *Johnson v. Starbucks Corp.*, 818 F. App'x 657, 659 (9th Cir. 2020); *Kong v. Mana Inv. Co., LLC*, 818 F. App'x 660, 663 (9th Cir. 2020); *Lindsay v. Starbucks Corp.*, 815 F. App'x 152, 154 (9th Cir. 2020). Consequently, the Ninth Circuit has held that § 36.211(a) does not require Starbucks to "maintain" 36

---

[2] However, Lammey also concedes that the Counter does not violate "the technical standards found in Section 904.4.1." (Lammey Mot. 7.)

inches of usable counter space. *Johnson*, 818 F. App'x at 659–60; *Kong*, 818 F. App'x at 663; *Lindsay*, 815 F. App'x at 154.

Here, the Counter is of a uniform height, less than 36 inches tall. (Pl.'s Resp. to DSUF ¶ 3.) Thus, despite Lammey's arguments to the contrary, Starbucks is not required to maintain 36 inches (in length) of usable counter space. *See, e.g.*, *Johnson*, 818 F. App'x at 660. Moreover, the ADA does not require public accommodations to provide transaction counters at all. Rather, the 2010 Standards instruct: "*Where provided*, at least one type of sale counter and service counter shall comply with 904.4." 36 C.F.R. Pt. 1191, App'x C § 227.3 (emphasis added). Because the guidelines contemplate that no counter might be provided at all, and because there is no length requirement under § 904.4.1 (or otherwise) for counters that are uniformly less than 36 inches tall, Lammey cannot prevail on his ADA claim. As a matter of law, "Starbucks'[s] obligation to maintain the transaction counter in operable working condition [does not] demand[] any particular length of clear space for customer use." *Kong v. Mana Inv. Co.*, No. SA CV 18-01615-DOC (DFM), 2019 WL 3220027, at *4 (C.D. Cal. May 1, 2019), *aff'd*, *Kong*, 818 F. App'x at 663.[3]

In short, there is no maintenance requirement where there is no counter requirement. "[M]aintenance requirements cannot be more stringent than the building requirements." *Johnson*, 818 F. App'x at 660; *Kong*, 818 F. App'x at 663; *Lindsay*, 815 F. App'x at 155; *accord Lammey v. Starbucks Corp.*, No. CV 18-9972-JFW(ASx), 2020 U.S. Dist. LEXIS 239344, at *7–14 (C.D. Cal. Dec. 15, 2020); *Arroyo v. Baseline Enter. LLC*, No. CV 19-10641-DFM, 2020 WL 6438412, at *4–5 (C.D. Cal. Oct. 19, 2020). Lammey's ADA claim fails as a matter of law, and summary judgment in favor of Starbucks is appropriate.

---

[3] The Court also notes that Lammey does not provide any evidence that Starbucks's merchandise or displays actually hindered his use of the Counter, or that his access to clear counter space differed from that of any other customers. To the contrary, Lammey provides evidence that he successfully purchased a gift card despite the cluttered Counter. (Lammey Mot., Ex. 2, ECF No. 41-5.)

**B.     UCRA Claim**

Lammey also asserts a claim under the UCRA based on the alleged ADA violation. (Compl. ¶¶ 28–31.) While a plaintiff may maintain an independent UCRA claim by alleging intentional discrimination, Lammey does not make such an argument here. (*See* Lammey Mot. 15.) Because Lammey's UCRA claim rises and falls with his ADA claim, his UCRA claim fails as well. *See, e.g.*, *Lammey v. Starbucks Corp.*, 2020 U.S. Dist. LEXIS 239344, at *17; *Cooper v. Wal-Mart Real Estate Bus. Tr.*, No. EDCV 19-238 JGB (SPx), 2020 WL 3881604, at *5 (C.D. Cal. Apr. 3, 2020). Summary judgment is likewise appropriate in favor of Starbucks on this claim

## V.     CONCLUSION

For the aforementioned reasons, Starbucks's Motion for Summary Judgment is **GRANTED**, (ECF No. 39), and Lammey's Motion for Summary Judgment is **DENIED**, (ECF No. 41). The Court will issue Judgment.

**IT IS SO ORDERED.**

April 26, 2021

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**